**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**



JUL 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWIN PARKER,

Defendant - Appellant.

No. 16-10171

D.C. No. 2:15-cr-00991-SPL-1

MEMORANDUM<sup>*</sup>

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted July 13, 2017**
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and ROBRENO,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Defendant-Appellant Edwin Parker appeals his conviction for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). We affirm.

The district court did not abuse its discretion in rejecting Parker's request for an adverse inference instruction. The district court identified and properly applied the controlling legal test, balancing "'the quality of the Government's conduct' against 'the degree of prejudice to the accused'" to determine whether to give the instruction. *United States v. Sivilla*, 714 F.3d 1168, 1173 (9th Cir. 2013) (quoting *United States v. Loud Hawk*, 628 F.2d 1139, 1152 (9th Cir. 1979)).

> In evaluating the quality of the government's conduct: "the court should inquire whether the evidence was lost or destroyed while in its custody, whether the Government acted in disregard for the interests of the accused, whether it was negligent in failing to adhere to established and reasonable standards of care for police and prosecutorial functions, and, if the acts were deliberate, whether they were taken in good faith or with reasonable justification. . . . It is relevant also to inquire whether the government attorneys prosecuting the case have participated in the events leading to loss or destruction of the evidence, for prosecutorial action may bear upon existence of a motive to harm the accused."

*Id.* (quoting *Loud Hawk*, 628 F.2d at 1152). Here, there was no evidence presented that law enforcement officials, either local or federal, took custody of the lost "Identicards," that they acted in disregard of Parker's interests, that the loss of the Identicards was deliberate or due to their negligence, or that the prosecuting attorneys were involved. Further, given the overwhelming evidence of his guilt adduced by the Government apart from the eyewitness testimony connected to the allegedly lost

2

Identicards, Parker cannot show prejudice from the denial of the instruction. Video evidence of the robbery showed the robber's clothing, a duffle bag he carried, and his replica weapon, all of which were found in a warrant search of the getaway vehicle after he was stopped shortly after the robbery. The search also produced the marked bills and a tracker put into his duffle bag by a bank teller.

**AFFIRMED.**